# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANTONIO REALI,

    Plaintiff,

v.                                                                                        No. 19-cv-0603 MV/SMV

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF DOÑA ANA;
CORIZON HEALTH, INC.; CHRISTOPHER BARELA;
VERONICA SALAZAR; DAVID MILLER;
ROSLYN STROHM; KEVIN SILVA; and
CHAD HILL;

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION

THIS MATTER is before the Court on Plaintiff's Unopposed[1] Motion for Service by Publication [Doc. 30], filed on November 13, 2019. Defendants never responded, and the time for doing so has passed. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, Plaintiff's Motion is DENIED without prejudice.

## BACKGROUND

Plaintiff sued Defendants on June 28, 2019, for deprivations of his civil rights under the U.S. Constitution and 42 U.S.C. § 1983, and for various state-law claims. [Doc. 1] at 1. He alleges that, while detained at the Doña Ana County Detention Center, the detention center and

---

[1] Though Plaintiff asserts that this Motion is unopposed, it is not. The "County Defendants took no position regarding this Motion," [Doc. 30] at 1 n.1, and the party against whom Plaintiff seeks relief—the absent Defendant Christopher Barela—obviously could not concur in the Motion because Plaintiff has not yet served him. The Court therefore declines to treat the Motion as unopposed.

its staff (including Defendant Christopher Barela) negligently maintained medical facilities and were deliberately indifferent to Plaintiff's serious heart condition. *See id.* at 1–20. Plaintiff seeks damages for the injuries Defendants allegedly caused. *Id.* at 20–21.

Plaintiff has successfully served all Defendants except Barela. *See* [Doc. 24] at 1–3. Plaintiff's process server, Jack Rokowski, avers that he has attempted to serve Barela at his suspected home on four occasions. On August 17, 2019, Rokowski visited Barela's house, but "no one was home." [Doc. 24-3] at 1. He tried to serve Barela at his home two more times—on August 17 and 19, 2019—but on each occasion "there were no cars[] and no answer at the door." *Id.* Finally, on August 27, 2019, Rokowski went to Barela's home to serve him and noticed a Jeep belonging to Barela in the driveway. *See id.* at 2. According to Rokowski, "[s]omeone was home, but they refused to answer the door." *Id.* Arguing that he has not served Barela despite "zealous efforts" to do so, Plaintiff moved for service by publication on November 13, 2019. [Doc. 30] at 1.

## ANALYSIS

The Federal Rules of Civil Procedure do not expressly allow for service by publication. *Wilmington Savings Fund Soc'y, FSB v. Apodaca*, No. 18-cv-0114 JAP/KBM, 2018 WL 3145836, at *1 (D.N.M. June 27, 2018). Nonetheless, Rule 4(e)(1) permits a plaintiff to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The New Mexico Rules of Civil Procedure for the District Courts, in turn, allow for service by publication in limited circumstances.

> Upon motion, without notice, and showing by affidavit that service *cannot reasonably be made as provided by this rule*, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

Rule 1-004(J) NMRA (emphasis added). Therefore, before moving to serve an individual by publication, a plaintiff must attempt to follow New Mexico's rules for serving individuals. These rules provide that a plaintiff may serve an individual "(1) by delivering[2] the summons to him; (2) if the first step is unsuccessful, by leaving the summons with someone living at his usual place of abode; or (3) if the other methods do not work, by delivering the summons to the person in charge at his place of employment." *Ruiz-Marentes v. Montoya*, No. 12-cv-1014 WDS/WPL, 2013 WL 12334151, at *2 (D.N.M. Mar. 18, 2013); *see* Rule 1-004(F). Even if a plaintiff completes these steps, he must comply with New Mexico's rules regarding the form of the motion for service by publication. *See, e.g.*, Rule 1-004(K) (providing that the movant must attach to his motion a copy of the proposed notice to be published).

Finally, New Mexico courts generally limit service by publication to *in rem* or *quasi in rem* actions. *Buffalo Hogan, Inc. v. Greene*, No. 16-cv-0420 PJK/KBM, 2017 WL 3608243, at *2 (D.N.M. Feb. 21, 2017). Nonetheless, the New Mexico Supreme Court permits plaintiffs to serve individual defendants by publication "in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Clark v. LeBlanc*, 1979-NMSC-034, ¶ 7, 92 N.M. 672. "In order to permit substituted service on the basis of evasion, the Court must make a finding of fact that the defendant intentionally

---

[2] Rule 1-004(F) permits a party to serve an individual personally or by mail or commercial courier service. *See* Rule 1-004(F)(1)(b); *see also* Rule 1-004(E)(3).

3

avoided service of process." *Cowan v. D'Angelico*, No. 09-cv-0483 RB/LFG, [Doc. 49] at 4 (D.N.M. Sept. 15, 2009).

In this case, the Court will deny Plaintiff's Motion for Service by Publication because (1) he has not shown that he complied with New Mexico's rules for serving individuals, and (2) he has not shown that Barela attempted to conceal himself to avoid service. As to the first reason, Rokowski does not aver that he attempted to serve Barela by delivering the summons to the person in charge at his place of employment. Nor does he aver that Barela is unemployed or otherwise concealed his work location from Plaintiff. As noted above, if a plaintiff cannot serve a defendant personally or by leaving the summons at the defendant's place of abode, Rule 1-004(F)(3) requires a plaintiff to attempt to serve the individual by delivering the summons to the person in charge at his or her place of employment. Rule 1-004(F)(3). Plaintiff has not shown that service cannot reasonably be made as provided by Rule 1-004(F). Therefore, the Court will deny his Motion. *See Buffalo Hogan, Inc.*, 2017 WL 3608243, at *3 (finding that the plaintiff failed to comply with Rule 1-004 because"[t]here is no indication that Plaintiff attempted to personally serve Defendant at his place of business as permitted by Rule 1-004(F)(3)").

Second, Plaintiff has not shown that Barela attempted to conceal himself to avoid service. Plaintiff sues Barela for damages incurred as a result of civil rights violations; he does not bring an *in rem* or *quasi in rem* action. *See* [Doc. 1] at 13–20. Therefore, the Court must decide whether Barela was aware that he was the subject of a lawsuit and attempted to conceal himself to avoid service. Rokowski avers that he went to Barela's registered address on four occasions within a 10-day span, but nobody answered the door each time. [Doc. 24-3] at 1–2. He avers

that "no one was home" the first time that he went to Barela's house and avers that "there were no cars[] and no answer at the door" the next two times he went to Barela's house. *Id.* at 1. Rokowski avers that on his fourth attempt to serve Barela at his home, he noticed a Jeep registered to Barela in the driveway, and "[s]omeone was home, but they refused to answer the door." *Id.* at 2.

Such facts do not establish that Barela attempted to avoid service. In fact, if it appeared that nobody was home during Rokowski's first three attempts[3] to serve Barela, then Barela likely would have had no knowledge that Rokowski even attempted to serve him at those times. The Court does not conclude that one instance of failing to answer the door when Rokowski tried to serve Barela a fourth time constitutes an attempt to evade service.[4] Even assuming Barela was home during this fourth attempt, he simply could have failed to hear Rokowski knock or failed to reach the door in time to respond to Rokowski before the latter departed. Without more, the facts as presented do not show that Barela attempted to evade service. *See Buffalo Hogan, Inc.*, 2017 WL 3608243, at *3 ("Although Plaintiff has exercised due diligence and seems to have located Defendant Singer's residence, it appears that Plaintiff has attempted only to serve him personally at that location over a 10-day period. For all we know, Defendant Singer was away on a 2-week trip during those visits, and he left his radio on to create the impression that someone was home.").

---

[3] Rokowski avers that when he attempted to serve Barela a second and third time, he saw no cars in the driveway and nobody answered the door. [Doc. 24-3] at 1. Rokowski does not state any belief that someone was home during these attempts. Therefore, the Court infers from these facts that nobody was home.

[4] Rokowski's affidavit does not make clear the exact interaction that occurred at Barela's home on this date. The Court cannot determine whether Rokowski spoke with a person at Barela's home, and that person declined to open the door, or whether Rokowski simply knocked on the door and nobody answered.

Because Plaintiff fails to show either that he complied with Rule 1-004(F) or that Barela attempted to conceal himself to avoid service, the Court will deny his Motion without prejudice. Plaintiff may renew his Motion once he takes further steps to resolve those issues.

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Service by Publication [Doc. 30] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**