**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANTONIO REALI,

       Plaintiff,

v.                                        No. 2:19-CV-00603 MV/SMV

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF DOÑA ANA, CORIZON
HEALTH, INC., CHRISTOPHER BARELA,
VERONICA SALAZAR, DAVID MILLER,
ROSLYN STROHM, KEVIN SILVA, and
CHAD HILL

       Defendants.

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

    Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on February 4, 2020 at

10:00 a.m. and was attended by:

| | |
|---|---|
| Alyssa Quijano | for Plaintiff |
| Coyte Law, P.C. | |
| 3800 Osuna Road NE, Suite 2 | |
| Albuquerque, NM 87109 | |
| (505) 244-3030 | |
| aquijano@coytelaw.com | |

| | |
|---|---|
| Damian L. Martínez | for Defendants Board of County |
| Mynatt Martínez Springer P.C. | Commissioners for the County of Doña Ana, |
| 1660 Hickory Loop, | Christopher Barela, Kevin Silva, and Chad |
| Las Cruces, NM 88005 | Hill (hereinafter "County Defendants") |
| (575) 524-8812 | |
| dlm@mmslawpc.com | |

1

Henry J. Paoli
ScottHulse PC                              for Defendants Corizon Health, Inc.,
One San Jacinto Plaza                      Veronica Salazar, David Miller, and Roslyn
201 E. Main Dr., Ste. 1100                 Strohm (hereinafter "Corizon Defendants")
El Paso, TX 79901
(915) 546-8217
hpao@scotthulse.com

## NATURE OF THE CASE

Plaintiff's Complaint arises from the damages caused by the alleged violation of his civil and constitutional rights while at the Doña Ana County Detention Center. Plaintiff had a serious and obvious medical condition that required immediate professional medical care, but instead suffered injuries including physical injuries, pain and suffering, emotional distress, exacerbation of his medical condition.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:

Plaintiff(s) should be allowed until **April 15, 2020** to move to amend the pleadings and until **April 15, 2020** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:

Defendants(s) should be allowed until **May 15, 2020** to move to amend the pleadings and until **May 15, 2020** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## **STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District; that the

United States District Court for the District of New Mexico has jurisdiction of the parties and the

subject matter.

The parties are willing to further stipulate to the following facts:

The allegations admitted by Defendants in their Answer to Plaintiff's Complaint for the

Recovery of Damages Caused by the Deprivation of Civil Rights.

Plaintiff and Corizon Defendants are willing to further stipulate to the following facts:

- All Corizon medical records relating to care/treatment provided to Plaintiff Reali
  (identified by bates-label COR-Reali000001 – COR-Reali-000290) are authentic and
  accurate copies that do not require a custodian of records to authenticate.

- Between May 31, 2017 and July 3, 2017, defendants Veronica Salazar, David Miller, and
  Roslyn Walden (Strohm) were acting within the scope of their employment with Corizon
  Health, Inc.

Plaintiff and County Defendants are willing to further stipulate to the following facts:

- All jail files are authentic and accurate copies that do not require a custodian of records to
  authenticate.

- Between May 31 and July 3, 2017 Defendants Board of County Commissioners for the
  County of Doña Ana, Kevin Silva, and Chad Hill were acting under the color of State
  Law.

- Between May 31 and July 3, 2017 Defendants Board of County Commissioners for the County of Doña Ana, Kevin Silva, and Chad Hill were acting under the scope of their employment.

The parties further stipulate and agree that the law governing this case is:

42 U.S.C. §§ 1983 and 1988; NMSA 1978, §§ 41-4-1, *et seq*.; and NMSA 1978, §§ 41-5-1, *et seq*.

**PLAINTIFF'S CONTENTIONS:**

Plaintiff Antonio Reali was an inmate in the custody and care of the Doña Ana County Detention Center (hereinafter "DACDC") from May 31, 2017 to July 3, 2017. Antonio was first booked into the Madera County jail and advised medical staff there that he suffered from a heart condition. He told medical staff he had been prescribed nitroglycerin to treat his heart condition and needed a pill to be on his person at all times in the event he began suffering chest pain. Medical staff ordered Nitroglycerin for Antonio and allowed him to keep one pill on his person at all times. Antonio was extradited and transferred to the DACDC on May 31, 2017. Antonio was sent to DACDC with information about his medical condition from the medical staff at the Madera County jail, including a form indicating that Antonio suffered chest pain and providing a list of medications he had been prescribed prior to his transfer.

When he arrived at the jail, Corizon medical staff Steven Gomez obtained a medical history from Antonio. Antonio told Mr. Gomez he suffered from several serious medical and mental health issues, including a history of heart attacks, one occurring within 6 months of him being

booked, and that he needed his prescription of Nitroglycerin available to him in the event he began experiencing chest pain. Mr. Gomez told Antonio he would not be given Nitroglycerin.

On June 6, 2017, Antonio began experiencing chest pain. Antonio was taken to medical and was seen by Defendant Roslyn Strohm, a certified nurse practitioner. Antonio informed Defendant Strohm that he had a history of heart disease and experienced chest pain that sometimes would become so intense he would vomit or pass out because of the pain. Antonio was given a dose of Clonidine, a blood pressure medication, then sent back to his cell. Eleven days later, Antonio began complaining of chest pain again. Antonio was given another dose of Clonidine then sent back to his cell. Antonio did not receive any medical treatment through the remainder of June.

On July 1, 2017, Antonio again began experiencing severe chest pain and requested medical care. Defendant Chad Hill refused to call medical for Antonio until he fell onto the ground. By the time medical was finally contacted and arrived in his cell, Antonio's pain had become so intense he could no longer walk and had to be taken to medical in a wheelchair. Andrea Mook, a nurse, called Defendant Strohm and notified her that Antonio had abnormal vitals and EKG.  At this point Antonio should have immediately been sent to the hospital for evaluation for unstable angina or myocardial infarction (heart attack). Later that evening, Antonio began experiencing chest pain again and Officers on duty called a "Code Mary." Antonio was still not sent to the hospital.

The following day, Antonio was seen by Defendant Strohm for his chest pain. In fact, this was the fifth time he had been to medical after experiencing chest pain since he was booked into

5

the jail only 31 days earlier. Defendant Strohm ordered two EKGs, both of which were abnormal. An urgent transfer for evaluation at the hospital was necessary. Antonio was again sent back to his cell without further medical care.

Early the next morning on July 3, 2017, Antonio began experiencing severe chest pain again. By this time, Antonio's symptoms of a serious medical condition had become so obvious another inmate informed jail staff that Antonio was experiencing a heart attack. Defendant Silva saw Antonio collapse onto the ground and heard the other inmates' pleas to get Antonio medical care. Defendant Silva refused to contact medical for an unacceptable length of time. Eventually, Antonio was taken to medical. He was unable to walk and was dragged out of the pod by his ankles by detention officers. When he arrived in medical, he told Defendants Miller and Salazar that he was in pain and could not breathe. Antonio then began seizing. Soon after this seizure, Antonio stopped breathing and lost consciousness. Antonio then lost bladder and bowel control. Approximately two minutes after Antonio stopped breathing, medical staff finally contacted 911. At approximately 3:51 a.m., Defendant Salazar noted Antonio no longer had a pulse. Finally, thirteen (13) minutes after Antonio lost consciousness, Defendants began CPR, at 3:55 a.m. Emergency medical staff arrived at approximately 3:56 a.m. As Antonio lay unconscious on the medical table, DACDC medical staff, including Defendants Salazar and Miller, laughed, joked, and remained apparently unconcerned about Antonio.

Antonio was transferred to Memorial Medical Center for treatment and was immediately intubated when he arrived. Antonio was diagnosed as having suffered a cardiac arrest and severe sepsis or septic shock. Antonio suffered broken ribs and a cracked sternum as a result of the CPR

6

conducted. Memorial Medical Center staff noted that Antonio had suffered multiorgan failure as a result of his heart attack, including his kidney and liver, along with anoxic encephalopathy (brain damage as a result of oxygen deprivation). While in the emergency room, Antonio suffered another cardiac arrest. Antonio remained in the hospital for nine (9) days recovering from his heart attacks.

**DEFENDANT'S CONTENTIONS**

**County Defendants' Contentions:**

Detention Officers at the Dona Ana County Detention Center (DACDC) receive first aid training which includes CPR training, training on AED defibrillators, identify obvious signs of medical distress, and basic training in wound care.  DACDC staff receive first aid training refreshers biannually. For non-emergency situations, in which an inmate is conscious and speaking, officers will ask the inmate for their symptoms.  If the inmate is speaking and they can walk, the officer will call a rover officer to escort the inmate to the medical unit.  For non-emergency scenarios in which an inmate cannot walk, an officer will contact Corizon personnel and a rover officer.  The Corizon personnel will bring a wheelchair to escort the inmate to the infirmary.

In emergency medical situations, officers will try to elicit a response from the non-conscious inmate before calling a "Code Mary" on their radio.  Emergencies include instances in which an inmate is unconscious or faces obvious serious medical distress.  When in doubt, officers are trained to call a Code Mary even if the inmate seems to be faking their symptoms.

A Code Mary requires Corizon medical personnel and all available DACDC officers' immediate assistance. Corizon personnel usually arrive within a minute. Corizon personnel will bring a wheelchair or a crash cart to tend to the inmate then move them to the medical unit. A unit supervisor and one or two officers will accompany the inmate with Corizon staff to the medical unit. In all situations, once Corizon is contacted, they assume responsibility over decision-making for the inmate's medical treatment and advise when DACDC must contact emergency medical services. If an inmate must be transported to the hospital for more intensive care, the rover sergeant will call a Code 55 to master control who contacts emergency services.

*July 1–3, 2017 Incident Events*

On July 1, 2017, at about 10:40 pm, Plaintiff approached the intercom in the Gulf pod to speak with Officer Chad Hill who supervised the pod from inside the control room. Per DACDC policy, Hill could not leave the control pod while on shift. Through the intercom, Plaintiff told Hill that he was having chest pain and laid on the floor. Hill immediately called the infirmary for assistance. The infirmary, however, did not respond prompting Hill to call out for medical emergency assistance via a Code Mary.

Subsequent to the Code Mary call Officer Enrique Perez, Sergeant Alfonso Cortez, and Corizon staff arrive to attend to Plaintiff while Hill listened through the intercom speaker. Corizon Nurse Veronica Salazar responded to Gulf Pod to treat Plaintiff, but Plaintiff refused to let anyone touch him. Eventually, Corizon staff convinced Plaintiff to get into a wheelchair for transport to the medical unit. Plaintiff was later released by Corizon staff and returned to his pod.

8

*Version 3: December 2009*

At the time of the incident, Silva was on break in another room, was unaware of Plaintiff's medical emergency, and was uninvolved with Plaintiff on this day.

On July 3, 2017, at 3:40 am, another detainee "Rocha" approached Detention Officer Kevin Silva at the control room inside the Gulf pod.  Rocha knocked on the window and stated that Plaintiff was having "an attack."  Silva immediately called out a Code Mary over the radio. Gulf Pod supervisor, Sergeant Alfonso Cortez responded to Plaintiff who was in the G2 section of the pod when he arrived.  As soon as Cortez opened the door, Plaintiff ran out toward medical with his hand on his chest, and Cortez followed.  Corizon nurse Veronica Salazar met them on the way to the medical unit.  Because Silva could not leave his post, he remained at Gulf control.

Both Sergeant Cortez and Detention Officer Tiara Gamboa escorted Plaintiff with Nurse Salazar to the infirmary. Just outside the infirmary, Corizon Nurse David Miller met Plaintiff and escorted him in a wheelchair into the infirmary.  At the infirmary, Plaintiff complained that he could not breathe, yet refused to disclose the nature of his pain. Also, Plaintiff did not want to sit down and had trouble sitting still which hampering the medical staff in taking his vitals. Plaintiff eventually agreed to sit on the exam room table. Plaintiff then stopped breathing, turned blue, began foaming at the mouth, and leaned over before Cortez caught him and laid him on the table. Corizon staff immediately administered CPR.

Salazar asked Gamboa to call 911, and Gamboa went to master control to call 911 and describe information to be relayed to EMS.  The fire department arrived 10 minutes after the call went out, and EMS showed up five minutes later.   During this time, Corizon staff were

administering CPR.  After several rounds of CPR and use of the defibrillator, the defibrillator picked up a pulse on Plaintiff, and he was taken to the hospital.

At no time during the described events did Christopher Barela have any interaction with the Plaintiff.

The County Defendants deny all civil rights and tort claims alleged in Plaintiff's Complaint in Counts I, III, and IV. The County Defendants state that the actions of the officers did not amount to a violation of Plaintiff's clearly established 14th Amendment Rights. Further Defendant's deny that the Detention Center was negligently operated. Finally, the County Defendants assert that Dona Ana County Detention Center polices, practices, and procedures were adequate and were not a motivating factor in any violation of Plaintiff's Constitutional rights. Simply the County Defendants acted reasonably and in conformance with applicable federal and state law.

**Corizon Defendants' Contentions:**

On or about May 31, 2017, Plaintiff had an intake performed during his incarceration at the Detention Center.  At the time, Plaintiff did not report to the nurse that he was taking any heart medications for a heart condition.  Plaintiff did report that he had a prior history of seizures, with the most recent seizure occurring within the prior six months.  The medical intake interview also noted that Plaintiff reported having post-traumatic stress disorder as of May of 2017.  Plaintiff was placed in general population, and no emergent or urgent medical needs were noted with respect to Plaintiff's intake examination.

On or about June 17, 2017, Plaintiff was seen in the medical unit for a complaint of chest pain.  Despite the complaint, Plaintiff was able to communicate on his own behalf—he reported that he was upset because the phones were broken and that he was unable to make an outside phone call.  During his evaluation, Plaintiff also reported that his chest pain had resolved. Roslyn Strohm, CNP, was advised of Plaintiff's complaint; and an order for Clonidine was given, in addition to blood pressure checks to monitor Plaintiff's blood pressure.

On the same date, a Refusal of Clinical Services form was completed which noted that Plaintiff refused his medications.  The Refusal of Clinical Services form indicates that the risks that were explained to Plaintiff as a result of his refusal included an increased risk of seizures.

On or about June 19, 2017, Plaintiff was again seen in the medical unit after a complaint of "heart problems"; although he denied chest pain or shortness of breath.  Instead, Plaintiff reported that he believed that his blood pressure was high.  His blood pressure was taken and reported to him.  Upon receiving the results, Plaintiff reported to the medical provider: "Oh, that's not bad.  Can I go?"  As a result, Plaintiff was allowed to return to his cell as no emergent condition was noted that required emergent medical care.

On or about June 21, 2017, Plaintiff was seen in the medical unit for an assessment of his vital signs.  Plaintiff did not report any concerns or complaints.  A history and physical was also completed on or about June 21, 2017.  During the history and physical, Plaintiff reported that he had a prior heart attack within the prior six months, but he also reported that he was not receiving Warfarin, Coumadin, or Jantoven, medications typically used for certain heart related conditions. Plaintiff did report that he had been receiving medications for a history of seizures.  Plaintiff also

11

reported that he had a history of treatment for a mental health disorder.  The history and physical noted that Plaintiff did not appear to be in any acute distress.  Vital signs were taken; and nothing was noted to indicate that the vital signs suggested a need for emergency treatment.

On or about June 28, 2017, a Refusal of Clinical Services form was completed which showed that Plaintiff refused his morning medication dose.  The Refusal of Clinical Services form indicates that the potential risks that were explained to Plaintiff included an increased risk of seizure.

On or about July 1, 2017 at 9:46 a.m., Plaintiff was seen in the medical unit because of a complaint of chest pain.  However, it was noted that Plaintiff was able to enter the medical unit on his own and without assistance.  Upon examination, an EKG was performed and read. Plaintiff was able to report that his pain was gone as of 9:52 a.m.  On July 1, 2017, at approximately 9:54 a.m., another EKG was performed after Plaintiff received a dose of Clonidine.  The EKG was performed on July 1, 2017, at 10:46 a.m.

At approximately 10:41 p.m. on July 1, 2017, a "Code Mary" was called for purposes of providing treatment to Plaintiff.  Medical staff arrived at the Plaintiff's cell and noted that Plaintiff was supine, lying on the floor, and groaning that no one should touch him.  Plaintiff was reportedly angry at the Detention Center pod officer, and he claimed that he should have gone to the medical unit earlier.  Although Plaintiff complained of chest pain, he refused to let any of the medical staff touch him for purposes of assessment or treatment.  Within two to three minutes, Plaintiff was able to move to a wheelchair, and he was transported to the medical unit for evaluation.  Once in the medical unit, Plaintiff reported that the pain had started to subside.  Vital

signs were taken; and another EKG was performed, which noted nonspecific lateral ST changes. Plaintiff reported that the pain had subsided, but he also claimed that he felt the pain in his lungs. A medication order was completed for Plaintiff to receive Clonidine immediately, and Lisinopril each morning.  A follow up appointment was scheduled for Plaintiff to be seen in the medical unit.

On July 2, 2017, at approximately 10:48 a.m., Plaintiff was evaluated by Roslyn Strohm, CNP.  Although Plaintiff reported pain, upon examination, he then reported that his pain had resolved and that he was "ok".  Plaintiff reported that he had never been formally diagnosed with a myocardial infarction, but he had self-diagnosed from prior episodes in which he believed that he was having a heart attack.  Plaintiff also reported that if he could get to the medical unit, he knew that the pain would go away.  Plaintiff also reported that his chest pain arose because of anger that he had toward his cellmates.  During his evaluation, Plaintiff reported that he did not have any pain, and it was noted that he asymptomatic.  The assessment was that Plaintiff had anxiety.

On July 2, 2017, at approximately 8:58 p.m., Plaintiff's vital signs were taken, and those vital signs were noted to be within parameters.  Plaintiff received medication, and he did not voice any complaints or concerns.

On July 3, 2017, at approximately 3:38 a.m., a possible "Code Mary" was called for purposes of providing treatment to Plaintiff.  When the medical staff arrived, a Detention Center officer reported that Plaintiff was walking to the medical unit on his own.  Plaintiff was met with a wheelchair, although he was walking independently.  Plaintiff reported chest pain, but he was

able to move from the wheelchair to an exam table without assistance.  Plaintiff complained of difficulty breathing, but it was noted that Plaintiff was hyperventilating.  Medical staff instructed Plaintiff to try to slow his breathing.  It was then noted that Plaintiff lost consciousness and exhibited seizure like activity.  An oxygen mask was applied, and Detention Center officers were instructed to call for an ambulance.  Plaintiff received CPR, a dose of Ativan, and it was determined that he should be sent to the emergency room.  EMTs arrived and continued CPR, and after an AED was applied and used, it was noted that Plaintiff was breathing independently.  Plaintiff was transported to the Memorial Medical Center emergency room.

Plaintiff received treatment at Memorial Medical Center.   As of July 3, 2017, a physician at Memorial Medical Center noted that Plaintiff had a questionable history of coronary artery disease.  A preliminary diagnosis noted that Plaintiff had cardiac arrest, and epilepsy with recurrent seizures.  It was believed that Plaintiff had a cardiac arrest, but a cardiac catheterization on Plaintiff's heart showed "clean coronaries".  No blockage in the Plaintiff's heart or arteries was noted.  It was also noted that Plaintiff had a history of drug use which made it more likely that he could have a coronary vasospasm.  According to the Memorial Medical Center records, Plaintiff left that facility against medical advice on or about July 12, 2017.

The Corizon Defendants deny all civil rights and tort claims alleged in Plaintiff's Complaint.  The Corizon Defendants state that the actions of its medical providers did not violate Plaintiff's constitutional rights.  The Corizon Defendants deny that Plaintiff's disagreement with the extent and scope of the medical care/treatment provided to Plaintiff constitutes deliberate indifference for purposes of Plaintiff's civil rights claim.  The Corizon Defendants assert that Plaintiff may

14

not use a deliberate indifference claim under 42 U.S.C. § 1983 to assert a medical malpractice claim that is premised on a disagreement with the extent of the medical received by Plaintiff. The Corizon Defendants also assert qualified immunity with respect to Plaintiff's constitutional civil rights claim under 42 U.S.C. §1983.

Additionally, the Corizon Defendants deny that their actions constitute medical negligence/medical malpractice.   The Corizon Defendants assert that their actions complied with the appropriate standard of care in light of Plaintiff's complaints; and that they did not cause Plaintiff's alleged injuries or complaints.  Instead, when Plaintiff reported complaints of chest pain, it was repeatedly noted that Plaintiff would also report that the pain would go away or otherwise resolve.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

*Version 3: December 2009*

**Plaintiff's Witnesses:**

1. Antonio Reali
   c/o Matthew E. Coyte
   Coyte Law P.C.
   3800 Osuna Road NE, Suite 2
   Albuquerque, NM 87109
   (505) 244-3030

   Plaintiff Antonio Reali will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

2. Aurora Bianca Reali
   c/o Matthew E. Coyte
   Coyte Law P.C.
   3800 Osuna Road NE, Suite 2
   Albuquerque, NM 87109
   (505) 244-3030

   Ms. Reali is Antonio Reali's ex-wife. Ms. Reali will testify as to Mr. Reali's life before and after the incident, the allegations in Plaintiff's Complaint, as well as to any other matters within her personal and professional knowledge.

3. Renzo Reali
   c/o Matthew E. Coyte
   Coyte Law P.C.
   3800 Osuna Road NE, Suite 2
   Albuquerque, NM 87109
   (505) 244-3030

   Mr. Reali is Antonio Reali's son. Mr. Reali will testify as to his father's life before and after the incident, the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

4. Angelo Reali
   c/o Matthew E. Coyte
   Coyte Law P.C.
   3800 Osuna Road NE, Suite 2
   Albuquerque, NM 87109
   (505) 244-3030

*Version 3: December 2009*

Mr. Reali is Antonio Reali's son. Mr. Reali will testify as to his father's life before and after the incident, the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

5.  Kimberly Mitchell
    Address Unknown
    (559) 369-0460

    Ms. Mitchell is Antonio Reali's ex-girlfriend. She will testify as to Antonio's life before and after the incident, the allegations in Plaintiff's Complaint, as well as to any other matters within her personal and professional knowledge.

6.  Alfonso (last name unknown)
    Address Unknown
    Phone Number Unknown

    Alfonso a preacher at DACDC at the time of the alleged events. Alfonso will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

7.  Kelton Cole
    Address Unknown
    (801) 916-1030

    Mr. Cole is a longtime family friend of Mr. Reali who will testify as to Antonio's life before and after the incident, the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

8.  "Little Mo"
    Address Unknown
    Phone Number Unknown

    "Little Mo" was an inmate present at the time of the alleged events and will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

9.  Christopher Barela
    c/o Damian L. Martínez
    Mynatt Martínez Springer P.C.
    1660 Hickory Loop, Las Cruces, NM 88005
    (575) 524-8812

*Version 3: December 2009*

Defendant Barela will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

10. Kevin Silva
    c/o Damian L. Martínez
    Mynatt Martínez Springer P.C.
    1660 Hickory Loop, Las Cruces, NM 88005
    (575) 524-8812

    Defendant Silva will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

11. Chad Hill
    c/o Damian L. Martínez
    Mynatt Martínez Springer P.C.
    1660 Hickory Loop, Las Cruces, NM 88005
    (575) 524-8812

    Defendant Hill will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

12. Veronica Salazar
    c/o Henry J. Paoli
    ScottHulse PC
    One San Jacinto Plaza
    201 E. Main Dr., Ste. 1100
    El Paso, TX 79901
    (915) 546-8217

    Defendant Salazar will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within her personal and professional knowledge.

13. David Miller
    c/o Henry J. Paoli
    ScottHulse PC
    One San Jacinto Plaza
    201 E. Main Dr., Ste. 1100
    El Paso, TX 79901
    (915) 546-8217

*Version 3: December 2009*

Defendant Miller will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

14. Roslyn Strohm
    c/o Henry J. Paoli
    ScottHulse PC
    One San Jacinto Plaza
    201 E. Main Dr., Ste. 1100
    El Paso, TX 79901
    (915) 546-8217

    Defendant Strohm will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within her personal and professional knowledge.

15. Steven Gomez
    Address Unknown
    Phone Number Unknown

    Corizon medical staff member Steven Gomez will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

16. Andrea Mook
    Address Unknown
    Phone Number Unknown

    Nurse Andrea Mook will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within her personal and professional knowledge.

17. Tiara Gamboa
    2107 Windsor Pl.
    Las Cruces, NM 88005-1500
    Phone Number Unknown

    Sergeant Tiara Gamboa will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within her personal and professional knowledge.

18. Francisco Carrasco
    Address Unknown
    Phone Number Unknown

*Version 3: December 2009*

Sergeant Francisco Carrasco will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

19. Ricardo Montelongo
    Address Unknown
    Phone Number Unknown

Sergeant Ricardo Montelongo will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

20. Alfonso Cortez
    Address Unknown
    Phone Number Unknown

Sergeant Alfonso Cortez will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

21. Daniel Rodriguez
    Address Unknown
    Phone Number Unknown

Officer Daniel Rodriguez will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

22. Jimmy Rodriguez
    Address Unknown
    Phone Number Unknown

Officer Jimmy Rodriguez will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

23. Brandi Gorzeman
    Address Unknown
    Phone Number Unknown

Nurse Brandi Gorzeman will testify as to the allegations in Plaintiff's Complaint, as well as to any other matters within her personal and professional knowledge

24. Any treating physicians as necessary.

25. Any witness identified by Defendants.

*Version 3: December 2009*

26. Any witness identified in discovery.

27. Any witness necessary for rebuttal.

28. Any witness necessary for authentication.

**Plaintiff's Exhibits:**

1. Doña Ana County Detention Center 2016 Inmate File for Antonio Reali

2. Doña Ana County Detention Center 2017 Inmate File for Antonio Reali

3. Doña Ana County Detention Center 2018 Inmate File for Antonio Reali

4. Antonio Reali's Corizon Medical File

5. Antonio Reali's Medical File from Memorial Medical Center

6. Antonio Reali's Medical File from VA California Health Care System, VA Fresno
   Hospital

7. Antonio Reali's Medical File from Doña Ana County Detention Center from 2017

8. County of Madera Incident report from 5/20/17

9. Madera County Department of Corrections Inmate Records

10. Madera County Department of Corrections Medical Records

11. California Department of Veterans Affairs Claim and Diagnosis from 8/20/2019

12. Aurora Bianca Reali's 9 journal entries from June-July 2017

13. Video footage from July 3, 2017 from Doña Ana County Detention Center

14. Any exhibit identified by Defendants

15. Any exhibit identified in discovery

*Version 3: December 2009*

16. Any exhibit necessary for rebuttal or impeachment

17. Any document attached to any deposition taken in this matter

**Plaintiff's Experts:**

At this time Plaintiff anticipates using an expert in the field of neurological damage, an expert in the field of heart conditions. Plaintiff will identify and disclose additional experts if they become necessary.

**Defendants' Witnesses:**

**County Defendants:**

1. Defendant Christopher Barela
   Defendant/Former Detention Center Administrator
   c/o Damian L. Martínez and Haley R. Grant
   Mynatt Martínez Springer P.C.
   P.O. Box 2699
   Las Cruces, New Mexico  88004-2699
   (575) 524-8812

   Former Detention Center Administrator Barela is expected to testify regarding Plaintiff's Complaint, as well as to any other matters within his personal and professional knowledge.

2. Plaintiff Antonio Reali
   c/o Coyte Law, PC
   Matthew Coyte
   Alyssa D. Quijano
   3800 Osuna Road NE
   Albuquerque, NM 87109

   Plaintiff is expected to testify regarding his suit against the named Defendants.

3. Kevin Silva
   Defendant/Detention Center Officer
   c/o Damian L. Martínez and Haley R. Grant
   Mynatt Martínez Springer P.C.
   P.O. Box 2699
   Las Cruces, New Mexico  88004-2699

(575) 524-8812

Detention Center Officer Silva is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

4.       Chad Hill
         Defendant/Detention Center Officer
         c/o Damian L. Martínez and Haley R. Grant
         Mynatt Martínez Springer P.C.
         P.O. Box 2699
         Las Cruces, New Mexico  88004-2699
         (575) 524-8812

Detention Center Officer Hill is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

5.       Veronica Salazar
         Defendant Corizon Health, Inc. Registered Nurse
         c/o Henry J. Paoli and Casey S. Stevenson
         Scott Hulse PC
         201 E. Main Dr., Ste. 1100
         El Paso, TX 79901
         (915) 533-2493

Veronica Salazar, Registered Nurse, is expected to testify regarding her interactions with Plaintiff from July 1-3, 2017.

6.       David Miller
         Defendant Corizon Health, Inc. LPN
         c/o Henry J. Paoli and Casey S. Stevenson
         Scott Hulse PC
         201 E. Main Dr., Ste. 1100
         El Paso, TX 79901
         (915) 533-2493

David Miller, Licensed Practical Nurse, is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

7.       Roslyn Strohm
         Defendant Corizon Health, Inc. Nurse Practitioner
         c/o Henry J. Paoli and Casey S. Stevenson

*Version 3: December 2009*

Scott Hulse PC
201 E. Main Dr., Ste. 1100
El Paso, TX 79901
(915) 533-2493

Roslyn Strohm, Nurse Practitioner, is expected to testify regarding her interactions with Plaintiff from July 1-3, 2017.

8.      Steven Gomez
        Defendant Corizon Health, Inc. LPN
        c/o Henry J. Paoli and Casey S. Stevenson
        Scott Hulse PC
        201 E. Main Dr., Ste. 1100
        El Paso, TX 79901
        (915) 533-2493

Steven Gomez, LPN, is expected to testify regarding Plaintiff's medical history and his interactions with Plaintiff from July 1-3, 2017.

9.      Andrea Mook
        Defendant Corizon Health, Inc. Registered Nurse
        c/o Henry J. Paoli and Casey S. Stevenson
        Scott Hulse PC
        201 E. Main Dr., Ste. 1100
        El Paso, TX 79901
        (915) 533-2493

Andrea Mook, RN, is expected to testify regarding her interactions with Plaintiff from July 1-3, 2017.

10.     Brandi Gorzeman
        Defendant Corizon Health, Inc. Registered Nurse
        c/o Henry J. Paoli and Casey S. Stevenson
        Scott Hulse PC
        201 E. Main Dr., Ste. 1100
        El Paso, TX 79901
        (915) 533-2493

Brandi Gorzeman, RN, is expected to testify regarding any conversations she had with the ER nurse at Memorial Medical Center and is expected to testify regarding her interactions with Plaintiff from July 1-3, 2017.

*Version 3: December 2009*

11.    Detention Center Officer Enrique Perez
       115 West Gallagher
       Las Cruces, NM 88005
       (575) 647-7600

       Detention Center Officer Perez is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

12.    Detention Center Sergeant Ricardo Montelongo
       2920 La Union Ct.
       Las Cruces, NM 88007
       (575) 647-7600

       Detention Center Sergeant Perez is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

13.    Detention Center Guadalupe Salinas
       6211 Cloud Dance Dr.
       Las Cruces, NM 88012
       (575) 647-7600

       Detention Center Officer Salinas is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

14.    Detention Center Officer Jay Hughes
       Address Unknown.  Will update when it becomes available
       (575) 647-7600

       Detention Center Officer Hughes is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

15.    Detention Center Sergeant Alfonso Cortez
       686 Lipps Rd.
       Anthony, NM   88021
       (915) 491-5182

       Detention Center Sergeant Cortez is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

16.    Detention Center Sergeant Tiara Gamboa

*Version 3: December 2009*

2107 Windsor Pl.
Las Cruces, NM 88005
(575) 635-9710

Detention Center Sergeant Gamboa is expected to testify regarding her interactions with Plaintiff from July 1-3, 2017.

17.     Detention Center Officer Daniel Rodriguez
        Address Unknown.  Will update when it becomes available.
        (575) 647-7600

        Detention Center Officer Rodriguez is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

18.     Detention Center Officer Jimmy Rodriguez
        Address Unknown.  Will update when it becomes available.
        (575) 647-7600

        Detention Center Officer Rodriguez is expected to testify regarding his interactions with Plaintiff from July 1-3, 2017.

19.     Any person with information relevant to the allegations contained in the Complaint and revealed during the discovery process.

20.     Potential rebuttal witnesses.

21.     Any witness listed by any other party.

22.     Foundational witnesses.


**Corizon Defendants:**

1.      Antonio Reali
        c/o attorney of record
        Matthew C. Coyte & Alyssa Quijano
        3800 Osuna Road NE, Ste. 2
        Albuquerque, NM 87109
        (505) 244-3030

*Version 3: December 2009*

Plaintiff is expected to testify concerning the facts alleged in his Plaintiff's Complaint, any supplemental or other amended complaints, the damages alleged in this case, and all matters within his personal knowledge.

2.      Veronica Salazar
        c/o attorney of record
        Henry Paoli
        One San Jacinto Plaza
        201 East Main Drive, Ste. 1100
        El Paso, Texas  79901
        (915) 533-2493

Defendant Salazar is expected to testify about facts surrounding Plaintiff's Complaint, any supplemental or other amended complaints, any defenses relating to Defendant, the medical care and treatment that was provided to Plaintiff, any medical records that she completed or authored relating to Plaintiff, as well as to any other matters within his personal knowledge.

3.      David Miller
        c/o attorney of record
        Henry Paoli
        One San Jacinto Plaza
        201 East Main Drive, Ste. 1100
        El Paso, Texas  79901
        (915) 533-2493

Defendant Miller expected to testify about facts surrounding Plaintiff's Complaint, any supplemental or other amended complaints, any defenses relating to Defendant, the medical care and treatment that was provided to Plaintiff, any medical records that he completed or authored relating to Plaintiff, as well as to any other matters within her personal knowledge.

4.      Roslyn Strohm
        c/o attorney of record
        Henry Paoli
        One San Jacinto Plaza
        201 East Main Drive, Ste. 1100
        El Paso, Texas  79901
        (915) 533-2493

*Version 3: December 2009*

Defendant Strohm expected to testify about facts surrounding Plaintiff's Complaint, any supplemental or other amended complaints, any defenses relating to Defendant, the medical care and treatment that was provided to Plaintiff, any medical records that she completed or authored relating to Plaintiff, as well as to any other matters within her personal knowledge.

5.    Nikole Rodriguez
c/o attorney of record for Defendants
Henry Paoli
One San Jacinto Plaza
201 East Main Drive, Ste. 1100
El Paso, Texas  79901
(915) 533-2493

Rodriguez might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

6.    Ashley Abbott
c/o attorney of record for Defendants
Henry Paoli
One San Jacinto Plaza
201 East Main Drive, Ste. 1100
El Paso, Texas  79901
(915) 533-2493

Abbott might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

7.    Alma Acosta
c/o attorney of record for Defendants
Henry Paoli
One San Jacinto Plaza
201 East Main Drive, Ste. 1100
El Paso, Texas  79901
(915) 533-2493

Acosta might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

*Version 3: December 2009*

8.      Eduardo Berumen
        c/o attorney of record for Defendants
        Henry Paoli
        One San Jacinto Plaza
        201 East Main Drive, Ste. 1100
        El Paso, Texas  79901
        (915) 533-2493

        Berumen might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

9.      Felicia Cancino
        c/o attorney of record for Defendants
        Henry Paoli
        One San Jacinto Plaza
        201 East Main Drive, Ste. 1100
        El Paso, Texas  79901
        (915) 533-2493

        Cancino might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

10.     Matthew Castanon
        c/o attorney of record for Defendants
        Henry Paoli
        One San Jacinto Plaza
        201 East Main Drive, Ste. 1100
        El Paso, Texas  79901
        (915) 533-2493

        Castanon might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

11.     Julio Fermin
        c/o attorney of record for Defendants
        Henry Paoli
        One San Jacinto Plaza

*Version 3: December 2009*

201 East Main Drive, Ste. 1100
El Paso, Texas  79901
(915) 533-2493

Fermin might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

12.     Patrick Garcia
        c/o attorney of record for Defendants
        Henry Paoli
        One San Jacinto Plaza
        201 East Main Drive, Ste. 1100
        El Paso, Texas  79901
        (915) 533-2493

Garcia might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

13.     Annabelle Gilligan
        c/o attorney of record for Defendants
        Henry Paoli
        One San Jacinto Plaza
        201 East Main Drive, Ste. 1100
        El Paso, Texas  79901
        (915) 533-2493

Gilligan might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

14.     Viola Gomez
        c/o attorney of record for Defendants
        Henry Paoli
        One San Jacinto Plaza
        201 East Main Drive, Ste. 1100
        El Paso, Texas  79901
        (915) 533-2493

Gomez might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

15.   Brandi Gorzeman
      c/o attorney of record for Defendants
      Henry Paoli
      One San Jacinto Plaza
      201 East Main Drive, Ste. 1100
      El Paso, Texas  79901
      (915) 533-2493

      Gorzeman might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

16.   Kay Green
      c/o attorney of record for Defendants
      Henry Paoli
      One San Jacinto Plaza
      201 East Main Drive, Ste. 1100
      El Paso, Texas  79901
      (915) 533-2493

      Green might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

17.   Amanda Guaderrama
      c/o attorney of record for Defendants
      Henry Paoli
      One San Jacinto Plaza
      201 East Main Drive, Ste. 1100
      El Paso, Texas  79901
      (915) 533-2493

      Guaderrama might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

18.   David Miller

*Version 3: December 2009*

c/o attorney of record for Defendants
Henry Paoli
One San Jacinto Plaza
201 East Main Drive, Ste. 1100
El Paso, Texas  79901
(915) 533-2493

Miller might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

19.    Andrea Mook
       c/o attorney of record for Defendants
       Henry Paoli
       One San Jacinto Plaza
       201 East Main Drive, Ste. 1100
       El Paso, Texas  79901
       (915) 533-2493

       Mook might testify regarding any medical records that she completed or authored relating to Plaintiff in the Corizon medical chart, as well as to any other matters within her personal knowledge.

20.    Plaintiff's third party medical providers with knowledge of plaintiff's medical history or in possession of records relating to plaintiff's medical care:

       a.     Taiwo Adedipe, M.D.
              Memorial Medical Center
              2450 S. Telshor Blvd.
              Las Cruces, NM 88011
              (575) 522-8641
              Adedipe signed or authored a medical record relating to Plaintiff and provided treatment to Plaintiff.

       b.     Stephanie Benson, M.D.
              Memorial Medical Center
              2450 S. Telshor Blvd.
              Las Cruces, NM 88011
              (575) 522-8641
              Benson signed or authored a medical record relating to Plaintiff and provided treatment to Plaintiff.

*Version 3: December 2009*

c.      Dawn Drumm, M.D.
        Memorial Medical Center
        2450 S. Telshor Blvd.
        Las Cruces, NM 88011
        (575) 522-8641
        Drumm was sent a medical record relating to Plaintiff's treatment.

d.      Diana Escobedo, M.D.
        Memorial Medical Center
        2450 S. Telshor Blvd.
        Las Cruces, NM 88011
        (575) 522-8641
        Escobedo signed or authored a medical record relating to Plaintiff and provided
        treatment to Plaintiff.

e.      Dr. Alaa Hussein
        Memorial Medical Center
        2450 S. Telshor Blvd.
        Las Cruces, NM 88011
        (575) 522-8641
        Hussein provided treatment to Plaintiff.

f.      Adel Kadous, M.D.
        Memorial Medical Center
        2450 S. Telshor Blvd.
        Las Cruces, NM 88011
        (575) 522-8641
        Kadous signed or authored a medical record relating to Plaintiff and provided
        treatment to Plaintiff.

g.      Edward Fogarty, M.D.
        Memorial Medical Center
        2450 S. Telshor Blvd.
        Las Cruces, NM 88011
        (575) 522-8641
        Fogarty signed or authored a medical record relating to Plaintiff and provided
        treatment to Plaintiff.

h.      Dolores Gomez, M.D.
        Memorial Medical Center

2450 S. Telshor Blvd.
Las Cruces, NM 88011
(575) 522-8641
Gomez signed or authored a medical record relating to Plaintiff and provided treatment to Plaintiff.

i.     Dr. Herrera
VA Las Cruces Clinic
1635 S. Don Rosner Street
Las Cruces, NM 88011
(575) 522-1241
or
Las Cruces VA Clinic
3401 Del Rey Blvd.
Las Cruces, NM 88012-8041
(575) 522-1241
In possession of medical records relating to plaintiff.

j.     Edward Martinez, RN
Las Cruces VA Clinic
3401 Del Rey Blvd.
Las Cruces, NM 88012-8041
(575) 522-1241
or
El Paso VA HCS
5001 N. Piedras Street
El Paso, TX 79930
(915) 564-6100
Martinez authored a medical record relating to Plaintiff.

k.     Ann Mercer, M.D.
Memorial Medical Center
2450 S. Telshor Blvd.
Las Cruces, NM 88011
(575) 522-8641
Mercer signed or authored a medical record relating to Plaintiff and provided treatment to Plaintiff.

l.     Angelica Motta, M.D.
Memorial Medical Center
2450 S. Telshor Blvd.

*Version 3: December 2009*

Las Cruces, NM 88011
(575) 522-8641
Motta signed or authored a medical record relating to Plaintiff and provided treatment to Plaintiff.

m.     Kristi Ontiveros, M.D.
Memorial Medical Center
2450 S. Telshor Blvd.
Las Cruces, NM 88011
(575) 522-8641
Ontiveros signed or authored a medical record relating to Plaintiff and provided treatment to Plaintiff.

o.     Alan Orellana, M.D.
Memorial Medical Center
2450 S. Telshor Blvd.
Las Cruces, NM 88011
(575) 522-8641

Orellana signed or authored a medical record relating to Plaintiff and provided treatment to Plaintiff.

p.     Jacob Selin, FNP-C
VA Las Cruces Clinic
1635 S. Don Rosner Street
Las Cruces, NM 88011
(575) 522-1241
or
Las Cruces VA Clinic
3401 Del Rey Blvd.
Las Cruces, NM 88012-8041
(575) 522-1241
Selin authored a medical record relating to Plaintiff.

21.     Any other treating medical providers of Plaintiff whose identity will be revealed through discovery.

22.     Any witness identified by Plaintiff or County Defendants.

23.     Any witness identified in discovery, or in any document produced by the parties in discovery.

*Version 3: December 2009*

24.      Any witness necessary for rebuttal.

25.      Any witness necessary for authentication of documents.


**Defendants' Exhibits:**

**County Defendant Exhibits:**

1.      Corizon Policies and Procedures
        Bates No. 000001-000141

2.      Dona Ana County Standard Operating Procedures
        Bates No. 000142-001471

3.      Detention Center Officer HR Files
        Bates No. 001472-002998

4.      Posting Orders
        Bates No. 002999-003029

5.      May 31-2017 – July 3, 2017 Day and Night Posts
        Bates No. 3030-3046

6.      DACDC Medical Policies
        Bates No. 003047-003181

7.      Reali Booking File
        Bates No. 003182-003270

8.      Reali Booking Report
        Bates No. 003271-3359

9.      Shift Assignment Guidelines
        Bates No. 3360

10.     Medical File Reali
        Bates No. 003361-003667

11.     Reali Antonio Inmate File Release Dona Ana

Bates No. 3668

12. Reali Antonio HIPAA Auth Dona Ana
Bates No. 003669-003670

13. Reali Antonio HIPAA Auth (mental health) Dona Ana
Bates No. 003671-003672

14. Reali Antonio Code Mary Video
Bates No. 003673

**Corizon Defendants' Exhibits:**

1. Corizon medical chart relating to plaintiff Reali, COR-Reali000001 – COR-Reali-000290

2. Plaintiff Reali's criminal case file from *State of New Mexico v. Antonio Reali*; In the Third Judicial District of Doña Ana County, No. D-307-CR-2016-1140, COR-Reali000382 – COR-Reali000395.

3. Plaintiff Reali's criminal case files from other criminal cases filed against plaintiff, if any.

4. Medical records to be obtained from plaintiff Reali's third-party medical providers relating to plaintiff's pre-existing conditions and treatment prior to his July 2017 incarceration at the Doña Ana County Detention Center.

5. Rebuttal exhibits from witnesses whose testimony cannot be anticipated before trial.

6. Any exhibit identified in any document produced in discovery.

7. Any exhibit necessary for rebuttal evidence or impeachment of a witness.

8. Any document or exhibit used or attached to any deposition taken in this case.

**Defendants' Experts:**

**County Defendants:** The County anticipates using experts to rebut those listed by Plaintiff. County Defendants will also identify and disclose additional experts if they become necessary.

**Corizon Defendants**: Corizon defendants anticipate retaining medical experts in the field of cardiology and/or neurology, and a nursing expert in correctional health care, and potentially an expert to rebut the testimony to be offered by Plaintiff's expert(s).

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

**Corizon Defendants** anticipate needing discovery on: (i) plaintiff's factual allegations in his complaint, (ii) plaintiff's medical history and prior medical treatment prior to his incarceration at the Doña Ana County Detention Center, (iii) plaintiff's mental health history and prior mental health treatment prior to his incarceration at the Doña Ana County Detention Center, and (iv) plaintiff's alleged damages.

Maximum of **60** total interrogatories by Plaintiff to County Defendants and maximum of **60** total interrogatories by Plaintiff to Medical Defendants. Maximum of **30** total interrogatories by County Defendants to Plaintiff and maximum of **30** total interrogatories by County Defendants to Medical Defendants. Maximum of **30** total interrogatories by Medical Defendants to Plaintiff and maximum of **30** total interrogatories by Medical Defendants to County Defendants. (Responses due **30** days after service).

Maximum of **60** total requests for admission by Plaintiff to County Defendants and maximum of **60** total requests for admission by Plaintiff to Medical Defendants. Maximum of **30** total requests for admission by County Defendants to Plaintiff and maximum of **30** total requests for admission by County Defendants to Medical Defendants. Maximum of **30** total requests for

admission by Medical Defendants to Plaintiff and maximum of **30** total requests for admission by Medical Defendants to County Defendants. (Responses due **30** days after service).

Maximum of **60** total requests for production by Plaintiff to County Defendants and maximum of **60** total requests for production by Plaintiff to Medical Defendants. Maximum of **30** total requests for production by County Defendants to Plaintiff and maximum of **30** total requests for production by County Defendants to Medical Defendants. Maximum of **30** total requests for production by Medical Defendants to Plaintiff and maximum of **30** total requests for production by Medical Defendants to County Defendants. (Responses due **30** days after service).

Maximum of **20** depositions by Plaintiff, **15** by County Defendants and **15** by Medical Defendants.

Each deposition (other than of parties and experts) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

　　　　from Plaintiff(s) by **August 14, 2020**

　　　　from Defendant(s) by **September 16, 2020**

Supplementation under Rule 26(e) due **30 days from receipt.** *(set time(s) or interval(s)).*

All discovery commenced in time to be complete by **October 16, 2020**  Discovery on *(issue for early discovery)* to be completed by **N/A**.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for Summary Judgement and Motions as necessary or appropriate.

Defendant intends to file:

**County Defendants:**  County Defendants intend to file a Motion for Qualified Immunity and Summary Judgment.  County Defendants will also file a Motion to Stay Discovery.  The County Defendant's may also file motions in limine if necessary.

**Corizon Defendants:**  Corizon Defendants intend to file a motion for summary judgment on the basis of qualified immunity, and a motion for summary judgment with respect to plaintiff's civil rights claim and plaintiff's medical negligence claim based on the standard of care and causation.  Corizon Defendants may also file discovery related motions, if necessary, and a motion in limine, if necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **10-12 days**.

_____ This is a non-jury case.

  **X**   This is a jury case.

The parties request a pretrial conference at the court's convenience.

## SETTLEMENT

*Version 3: December 2009*

The possibility of settlement in this case is considered **cannot be evaluated prior to discovery**. The parties request a settlement conference **after discovery**.

## <u>EXCEPTIONS</u>

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

/s/ Alyssa D. Quijano
Matthew E. Coyte
Alyssa Quijano
*Attorneys for Plaintiff*
Coyte Law, P.C.
3800 Osuna Road NE, Suite 2
Albuquerque, NM 87109
(505) 244-30030
aquijano@coytelaw.com

/s/ Damian L. Martínez
Damian L. Martínez
N.M Bar No. 14678
*Attorney for County Defendants*
Mynatt Martínez Springer P.C.
1660 Hickory Loop, Las Cruces, NM 88005
(575) 524-8812
dlm@mmslawpc.com

*/s/ Henry J. Paoli*
Henry J. Paoli
*Attorney for Corizon Defendants*
ScottHulse PC
One San Jacinto Plaza
201 E. Main Dr., Ste. 1100
El Paso, TX 79901
(915) 546-8217
hpao@scotthulse.com

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 17th day of March 2020, I filed the foregoing electronically through CM/ECF, which caused all Counsel of Record to be served by electronic means:

/s/ Alyssa D. Quijano                          3/17/20
Alyssa D. Quijano                                 Date