IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO REALI,

    Plaintiff,

v.    No. 2:19-CV-00603 MV/SMV

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF DOÑA ANA, CORIZON
HEALTH, INC., CHRISTOPHER BARELA,
VERONICA SALAZAR, DAVID MILLER,
ROSLYN STROHM, KEVIN SILVA, and
CHAD HILL

    Defendants.

## AFFIDAVIT OF ALYSSA QUIJANO, ESQ.

1. I, Alyssa Quijano, along with Matthew Coyte, am counsel for Plaintiff Antonio Reali in this case.

2. I am over the age of eighteen and am competent to testify as to the matters set forth herein.

3. My testimony is based on my personal knowledge and regards matters to which I am competent to testify as legal counsel for Plaintiff.

4. Written discovery was sent from Plaintiff to Defendants on April 9, 2020 [DOC 47].

5. Discovery requested information on the defendants' training, education, and experience treating inmates exhibiting symptoms of heart attack and emergency medical response, including emergency transport of patients.

6. Discovery in this case was stayed in this case on May 1, 2020. [DOC 55].

7. Plaintiff has not received any written discovery responses from any Defendants.

**EXHIBIT 3**

1

8. As of today, August 12, 2020, no depositions have been set or conducted.

9. Plaintiff has identified witnesses in his initial and supplemental disclosures who have information regarding Plaintiff's claims and the incidents that occurred at the Doña Ana County Detention Center ("DACDC") that form the basis of Plaintiff's complaint, including DACDC staff, Corizon Health, Inc. ("Corizon") staff and inmate witnesses.

10. Although the requirement to emergently send Antonio to the hospital in response to his chest pains, abnormal EKG, and elevated blood pressures is common sense, depositions of medical staff would clarify for the record that they actually admit to this common-sense understanding, as the defendants did in *Sealock v.* Colorado, 218 F.3d 1205 (10th Cir. 2000).

11. Andrea Mook was a registered nurse employed by Corizon at DACDC. Ms. Mook assessed Plaintiff on several occasions, once specifically for complaints of chest pain.

12. Plaintiff requests her deposition to dispute the facts put forth by the defendants in their motion and determine:

   a. What training Corizon medical staff receives regarding treatment and assessment of inmates experiencing chest pain;

   b. Specific information about her encounters with Plaintiff;

   c. Specific information communicated to Defendant Roslyn Strohm regarding Plaintiff's complaints of chest pain and diagnostic results;

   d. Knowledge of emergency medical care and transport of inmates experiencing symptoms of heart attack.

13. Defendant Veronica Salazar was a registered nurse employed by Corizon at DACDC. Defendant Salazar assessed Plaintiff on several occasions, including for complaints of chest pain.

14. Plaintiff requests her deposition to dispute the facts put forth by the defendants in their motion and determine:

   a. What training Corizon medical staff receives regarding treatment and assessment of inmates experiencing chest pain;

   b. Specific information about her encounters with Plaintiff;

   c. Specific information communicated to Defendant Roslyn Strohm regarding Plaintiff's complaints of chest pain and diagnostic results; and

   d. Knowledge of appropriate emergency medical care and transport of inmates experiencing symptoms of heart attack.

15. Defendant David Miller was a licensed practical nurse employed by Corizon at DACDC. Defendant Miller treated Plaintiff, alongside Defendant Salazar, on July 3, 2017 leading up to and following Plaintiff's cardiac arrest.

16. Plaintiff requests his deposition to dispute the facts put forth by the defendants in their motion and determine:

   a. What training Corizon medical staff receives regarding treatment and assessment of inmates experiencing chest pain;

   b. Specific information about her encounters with Plaintiff;

   c. Specific information communicated to Defendant Roslyn Strohm regarding Plaintiff's complaints of chest pain and diagnostic results; and

   d. Knowledge of appropriate emergency medical care and transport of inmates experiencing symptoms of heart attack.

17. Defendant Roslyn Strohm was a family nurse practitioner employed by Corizon at DACDC. Defendant Salazar assessed Plaintiff on several occasions, including for complaints of chest pain, and was the provider responsible for his care throughout his detention.

18. Plaintiff requests her deposition to dispute the facts put forth by the defendants in their motion and determine:

   a. What training Corizon medical staff receives regarding treatment and assessment of inmates experiencing chest pain;

   b. Specific information about her encounters with Plaintiff;

   c. Specific information communicated to her by other medical staff regarding Plaintiff's complaints of chest pain and diagnostic results; and

   d. Knowledge of appropriate emergency medical care and transport of inmates experiencing symptoms of heart attack.

19. For these reasons, and for the reasons set forth in Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff cannot present by admissible evidence, affidavit, or deposition testimony, all of the facts essential to justify Plaintiff's opposition to the Motion for Summary Judgment at this time. Plaintiff therefore asks the Court to "allow time to…take discovery." Fed. R. Civ. P. 56(d).

20. Thus, Plaintiff asks the Court to deny the motion or, in the alternative, to postpone ruling on the motion until Plaintiff has had reasonable time to obtain the discovery related to Defendants Roslyn Strohm, Veronica Salazar, and David Miller's response and treatment of Plaintiff's medical emergency, including depositional testimony of Andrea Mook, Defendant Roslyn Strohm, Defendant Veronica Salazar, and Defendant David Miller, and written discovery

to the Medical Defendants on their training on responding to inmates presenting with chest pain and/or other symptoms of heart attack.

FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 12th day of August 2020.

_____
Alyssa D. Quijano, Esq.

SUBSCRIBED AND SWORN before me this 12 day of August 2020, by Alyssa D. Quijano, Esq.

My commission expires: February 11, 2024

_____
NOTARY PUBLIC

Official Seal
SOFIE HECHT
Notary Public
State of New Mexico
My Commission Expires 2/11/24