**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANTONIO REALI,

       Plaintiff,

v.                                                                  No. 2:19-cv-00603-MV-JHR

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF DOÑA ANA, *et al.*,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff Antonio Reali's *Renewed Motion to Substitute* ("motion to substitute"). [Doc. 118]. Plaintiff seeks to substitute Renzo Reali as Antonio Reali's successor under Fed. R. Civ. P. 25. *Id.* at 1. Defendants filed a response [Doc. 120] and Plaintiff filed a reply [Doc. 127]. District Judge Martha Vasquez referred this motion to me to make proposed findings and a recommended disposition on June 11, 2025. [Doc. 124]. Having reviewed the briefing, case record, and applicable law, I RECOMMEND the Court dismiss the motion to substitute without prejudice, grant Plaintiff's successors leave to refile the motion to substitute, and then grant the motion.

## I.    PROCEDURAL BACKGROUND

**A.    Plaintiff's Complaint, Defendants' Summary Judgment Motions, and Corizon's Bankruptcy Stay.**

Antonio Reali filed suit against Defendants on June 28, 2019, for incidents which occurred during his incarceration as a pretrial detainee at the Doña Ana County Detention Center ("DACDC"). [Doc. 1]. Reali sued two groups of Defendants, one composed of Doña Ana County and its employees ("County Defendants"), the other composed of Corizon Health, Inc. and its employees ("Corizon Defendants"), whom Doña Ana County hired to provide medical services at

1

the DACDC. *Id.* at 1–3. The County Defendants include detention center administrator Christopher Barela and detention officers Kevin Silva and Chad Hill. *Id.* The Corizon Defendants include Corizon Health nurses Roslyn Strohm, Veronica Salazar, and David Miller. *Id.*

Reali alleged that he received constitutionally inadequate medical care from Defendants for his heart condition and associate symptoms. *Id.* at 4–12. The chronic lack of care resulted in major cardiac arrest and severe sepsis or shock that resulted in multiorgan failure and anoxic encephalopathy. *Id.* at 12. Reali brought claims under 42 U.S.C. § 1983 against Strohm, Salazar, Miller, Silva, and Hill for violation of due process (Count I) and against Doña Ana County and Barela for their custom and policy of violating constitutional rights (Count IV). In addition, Reali brought claims under the New Mexico Tort Claims Act for negligent provision of medical care against Corizon Health, Strohm, Miller, and Salazar (Count II) and for negligent maintenance of a medical facility against Doña Ana County and Barela (Count III). *Id.* at 13–20. On May 27, 2020, Antonio Reali filed an amended complaint to include Corizon Health in Count III. [Docs. 57–59].

On May 1, 2020, the County Defendants moved for summary judgment on all counts against them. [Doc. 51]. On July 15, 2020, Miller, Strohm, and Salazar moved for summary judgment on Count I. [Doc. 78]. Before the Court ruled on these motions, Corizon Health filed a notice that it had initiated bankruptcy proceedings that triggered an automatic stay of the case. [Doc. 98]; *see* 11 U.S.C. § 362.

**B.    Original Motion to Substitute Party.**

Antonio Reali died on April 17, 2023, and Plaintiff's counsel filed *a Suggestion of Death and Motion to Substitute* on June 29, 2023. [Doc. 101]. Counsel proposed substituting Renzo Reali, one of Antonio's two sons, as his "next friend" and represented that Defendants consented to the substitution. *Id.* at 2. Plaintiff stated Defendants would reserve their ability to file a motion to dismiss or "any argument [on] potential extinguishment of Plaintiff's claims as a result of Antonio

2

Reali's death." *Id.* Although only Plaintiff's counsel signed the motion, no timely opposition was filed and there is no evidence of record that the statement of the parties' positions was not true when made. I held a status conference on July 11, 2023, and discussed with counsel the propriety of substituting Antonio Reali's son rather than a personal representative of his estate. [Doc. 103 text only]. The Court deferred ruling on the motion while the parties worked on estate representation and a partial lifting of the bankruptcy stay. [Clerk's Minutes, Doc. 114 text only]. The County Defendants filed a motion to dismiss Counts I and IV on March 26, 2025, based on the failure to timely substitute a proper party for Antonio Reali. [Doc. 106]. That motion has not yet been resolved.

**C.      The Renewed Motion to Substitute.**

On March 3, 2025, presiding District Judge Martha Vazquez granted the County Defendants' motion for summary judgment in part, preserving Count I and allowing Count IV to proceed only on a failure-to-train theory of municipal liability. [Doc. 105, at 31]. Judge Vazquez denied Miller, Strohm, and Salazar's motion for summary judgment without prejudice to allow Plaintiff additional discovery. [Doc. 107]. On April 3, 2025, I issued an order finding good cause to delay entry of an initial scheduling order due to the pending bankruptcy stay and the original motion for substitution. [Doc. 109].

While the original motion to substitute and the motion to dismiss for failure to substitute were pending, Reali's attorney filed the renewed motion to substitute Renzo Reali as plaintiff on May 20, 2025. [Doc. 118]. Plaintiff asserts "that New Mexico law allows for an heir to be substituted for the deceased party," the requirements for substitution were satisfied with the original motion, and the parties had "stipulated" to Renzo Reali's substitution which "cannot be unilaterally revoked unless [revocation] prevents a 'manifest injustice.'" [Doc. 118, at 2]. To date, Plaintiff has never represented that Renzo Reali or any other person has been appointed personal

representative of Antonio Reali's estate. Plaintiff instead seeks Renzo Reali's substitution as Antonio Reali's heir under intestate succession. *Id.* at 4.

**D.      The Stay Is Partially Lifted.**

On April 24, 2025, I held a status conference where counsel for Plaintiff and Corizon Health advised the Court that they were working on a bankruptcy court order to partially lift the stay on Plaintiff's claims against the County Defendants. [Doc. 114]. All parties filed a *Joint Motion to Partially Lift Stay* on May 9, 2025, [Doc. 116], noting the entry on March 3, 2025, of a plan of reorganization in the bankruptcy court that "allows for Plaintiff to continue litigation against co-liable parties, including government claimants, independently from the bankruptcy proceedings." [Doc. 116, at 1–2] (internal quotations omitted). Based on those representations, I entered an order partially lifting the stay of this matter except for claims against the Corizon Defendants. [Doc. 117].

## II.    BRIEFING SUMMARY

Plaintiff argues that the parties had already stipulated to the original motion to substitute Renzo Reali, *see* [Doc. 101], and therefore the County Defendants cannot revoke their stipulation absent a showing of "manifest injustice." [Doc. 118, at 2]. Regardless, says Plaintiff, New Mexico allows for a decedent's heir to revive the decedent's causes of action, *id.* (citing NMSA 1978, § 37-2-1), and the only reason Renzo Reali did not substitute for Antonio Reali sooner was the bankruptcy stay for Corizon Health. *Id.* at 3.

The County Defendants respond that the Court must dismiss the claims against them with prejudice, arguing that Renzo Reali can only substitute for Antonio Reali if he is a personal representative of Antonio Reali's estate, and Plaintiff has not "proven the timely establishment of 1) Plaintiff's legal estate through probate; 2) a probate appointment of a personal representative to act on behalf of his estate; or 3) that these duties were timely met to establish prudential standing

4

and satisfy federal statute, the Federal Rules of Civil Procedure, or New Mexico's statutory revivor procedures." [Doc. 120, at 1–2]. The County Defendants further argue the bankruptcy stay did not prevent Renzo Reali from submitting Antonio Reali's estate to probate, receiving appointment as personal representative, and substituting for Antonio Reali. *Id.* at 3–4. In addition, the Renzo Reali and his brother, Angelo Reali, could have "supplied proof that 1) they were Plaintiff's sole beneficiaries and 2) his estate was not subject to any creditor claims before the expiration of 90 days after the Suggestion of Death and Motion to Substitute" but did not. *Id.* at 4. In sum, the County Defendants contend Renzo Reali cannot substitute as Plaintiff because he did not timely nor properly seek his substitution and revival of his father's claims. *Id.* at 8.

Reali replies by asserting Corizon Health's bankruptcy proceedings "complicated" substitution for Antonio Reali. [Doc. 127, at 1]. Plaintiff says the "lack of proof [that] Renzo and his brother are the sole heirs to an estate that has no will and no assets" is resolved by "the Suggestion of Death of Plaintiff and Motion to Substitute in which these facts were overtly asserted." [Doc. 127, at 2]. California only requires formal probate for estates valued over $185,000. *Id.* at 4. In October 2024, before the renewed motion to substitute was filed, the Reali brothers identified assets of $13,889.29 and divided them equally by affidavit pursuant to California law. *Id.* at 3; [Doc. 127, Exh. 1]. According to Plaintiff, NMSA 1978, § 37-2-10 "specifically allows heirs to be substituted upon the death of a plaintiff." [Doc. 127, at 3–4]. Plaintiff contends that any concern about one Reali brother taking advantage of the other can be addressed by substituting both as co-plaintiffs. *Id.* But if the Court insists on appointment of a personal representative, it should "order Renzo to go through probate in California rather than dismiss this case which has already been stayed for such a long period of time." *Id.*

### III.  ANALYSIS

A proper party may substitute for a decedent party if the decedent's claims have not extinguished. Fed. R. Civ. P. 25(a)(1). A motion for substitution may be made by any party or a successor or representative of the decedent. *Id.* However, "if the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Therefore, for Renzo Reali's substitution to be proper, Plaintiff must establish three elements: (1) that Antonio Reali's claims have not been extinguished by his death; (2) that Renzo Reali is a proper party to substitute for Antonio Reali; and (3) the motion to substitute is not now procedurally barred.

I recommend the Court find that Antonio Reali's claims have not extinguished with his death, but Renzo Reali or another proper individual must be appointed personal representative for Antonio Reali's estate in California to revive the claims. I recommend the Court dismiss the motion to substitute without prejudice and permit Renzo Reali to obtain appointment as a personal representative and refile the motion to substitute.

**A.    I Recommend the Court Find Antonio Reali's Claims Are Not Extinguished.**

> *1.    Applicable law for extinguishment of claims.*

Whether a federal or state claim survives a plaintiff's death is a matter of, respectively, federal or state substantive law. *See Smith v. Dep't of Hum. Servs.*, 876 F.2d 832, 834 (10th Cir. 1989); *see also Lowe v. Experian*, 340 F. Supp. 2d 1170, 1174 (D. Kan. 2004). Under federal common law, compensatory claims will generally survive and punitive claims will not. *Smith*, 876 F.2d at 834 (citing *Schreiber v. Sharpless*, 110 U.S. 76, 80 (1884)). In addition, if federal common law lacks a rule of decision, "federal law will incorporate the appropriate state law, unless that law is inconsistent with the Constitution and laws of the United States." *Slade v. U.S. Postal Serv.*, 952 F.2d 357, 360 (10th Cir. 1991) (internal quotation omitted). In *Slade*, the Tenth Circuit concluded that federal common law did not provide a rule of survivability for civil rights claims under Title

6

VII, and so applied Oklahoma's survival statute and found the statute permitted the Title VII action to survive the plaintiff's death. *Id.*

In New Mexico, a statute governs the survival of personal injury claims upon a defendant's death. NMSA 1978, § 37-2-1. But if the plaintiff dies, survival of a personal injury suit is governed by New Mexico common law. *See id.* In *Rodgers v. Ferguson*, the New Mexico Court of Appeals addressed the application of common law to a negligence suit in which the injured person subsequently dies. 1976-NMCA-098, 556 P.2d 844.[1] The court concluded that the common law in New Mexico prohibited the survival of claims for violent or intentional torts but never addressed negligence actions. *Id.* at 847, ¶¶ 6–9. The court also found the decision of the New Mexico Supreme Court in *Ickes v. Brimhall* in 1938—which found that New Mexico common law did not allow suits for personal injuries to survive when those injuries resulted in the plaintiff's or defendant's death—did not apply where the plaintiff's death was unrelated to the personal injuries at issue. *Id.* at 848, ¶ 12. Concluding that New Mexico statutes did not address this specific situation either, the New Mexico Court of Appeals adopted a "new common law rule": a negligence action survives a plaintiff's death when the death is unrelated to the injuries at issue in the action. *Id.* at 849–50, ¶ 26 (internal quotations omitted).

    2.      *Antonio Reali's claims survive his death.*

I recommend that the Court find Counts II and III survive. Counts II and III are negligence-based claims under the New Mexico Torts Claim Act, and no party argues or otherwise indicates that Antonio Reali's death resulted from the injuries he alleged he suffered at DACDC. Therefore, the counts survive under *Rodgers*.

---

[1] The *Rodgers* court concluded that "[t]he wording of [§ 37-2-1] does not show a legislative intent that causes of action not specified in the statute do or do not survive." 1976-NMCA-098, ¶ 25, 556 P.2d at 849.

I recommend the Court find that Counts I and IV also survive. Counts I and IV concern violations of Antonio Reali's due process rights under the Fourteenth Amendment, which do not have a rule of survivability under federal common law. *See Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998). Consequently, the survival of these counts is determined by New Mexico law. *See id.* (citing *Robertson v. Wegmann*, 436 U.S. 584, 588–90 (1978)). This Court and the Tenth Circuit have concluded that New Mexico common law does not permit § 1983 claims akin to intentional torts to survive a plaintiff's unrelated death. *See Oliveros v. Mitchell*, 449 F.3d 1091, 1093–94 (10th Cir. 2006) (excessive force); *see also Nordwall v. PHC-Las Cruces, Inc.*, 960 F. Supp. 2d 1200, 1245 (D.N.M. 2013) (deliberate indifference towards discrimination). However, under New Mexico statute no *pending* action may abate by the sudden death of a plaintiff unless a certain exception applies, none of which are relevant here. NMSA 1978, § 37-2-4. Because Antonio Reali filed his § 1983 claims prior to his death, § 37-2-4 trumps the common law rule and permits revivor of Antonio Reali's § 1983 claims.

**B.    I Recommend the Court Find that the County Defendants Are Not Bound by a Prior Stipulation of Substitution.**

I recommend the Court not bind the County Defendants to any stipulation to the original motion to substitute filed on June 29, 2023. County Defendants did not respond to the original motion to substitute, nor did the parties engage in substantial activity between Corizon Health's suggestion of bankruptcy on February 15, 2023, and the County Defendants' filing of their motion to dismiss on March 26, 2025. When Plaintiff filed the renewed motion to substitute on May 20, 2025, after the stay was partially lifted, Plaintiff summarized the procedural history as follows:

> The Defendants originally did not take issue with this process [to substitute for Antonio Reali] as they agreed to the substitution of Renzo Reali in June 2023. (Doc. 101). The parties jointly filed a Suggestion of Death and a Motion to Substitute [and] . . . [a] proposed order was emailed to the Magistrate Court's chambers. . . . At that time the Defendants reserved their right to seek dismissal of the action on the theory that the Plaintiff's claims may have been extinguished because of his

death. . . . Almost two years later, in an apparent flip of their original position, the County Defendants sought to dismiss the case based on the expiration of a one-year time limit for substitution of parties. . . . Importantly, County Defendants' Motion conceded that under New Mexico law the claims were not extinguished on the death of the Plaintiff.

[Doc. 118, at 3].

No response was filed to the original motion, and the Court's local rules allow lack of response to be deemed consent to grant the motion. D.N.M.LR-7.1(b). Furthermore, the County Defendants do not dispute they agreed to substitution, albeit with caveats. *See* [Doc. 120]. However, the original motion to substitute was neither titled nor filed jointly. *See* [Doc. 1]. Nor does the opening paragraph or prayer for relief state that it is made on behalf of anyone but Plaintiff. *Id.* at 1–2. In addition, the pendency of the bankruptcy stay when the motion was filed and the rule against granting dispositive motions under D.N.M.LR-7.1(b) weighs in favor of finding the County Defendants did not bind themselves to any stipulation. *Corabi v. ENIPC, Inc.*, 124 F. Supp. 3d 1172, 1173 (D.N.M. 2015). Indeed, the original motion was terminated as moot upon the filing of the *Renewed Motion to Substitute*. Therefore, I recommend the Court find that the County Defendants are not bound by any stipulation with respect to the renewed motion. *See Wheeler v. John Deere Co.*, 935 F.2d 1090, 1098 (10th Cir. 1991) (courts have broad discretion on whether to set aside any stipulation in the interests of justice).

**C.    I Recommend the Court Find that Renzo Reali Cannot Substitute as Plaintiff Based on His Status as Antonio Reali's Heir.**

I recommend the Court find that Renzo Reali cannot substitute for Antonio Reali as plaintiff based on his status as his heir. In addition, I recommend the Court find that Plaintiff's counsel improperly filed the motion to substitute on behalf of Antonio Reali personally.

New Mexico statute recognizes two parties who may revive the claims of a plaintiff who dies mid-suit: a personal representative of his estate, or his "heirs and devisees *who could support*

9

*the action if brought anew*." NMSA 1978, § 37-2-10 (emphasis added). The New Mexico Supreme Court ruled that the qualification included in the statute means that the proper party to substitute for a deceased plaintiff depends "upon whether the cause in suit descends to the estate or to the heirs." *Frampton v. Santa Fe Nw. Ry. Co.*, 1930-NMSC-036, ¶ 5, 287 P. 694, 696. Generally, the § 1983 civil rights claims of a decedent belong to his estate. *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990); *see also Berry v. City of Muskogee*, 900 F.2d 1489, 1506–07 (10th Cir. 1990) (When the victim of an alleged civil rights violation results in death, "the remedy should be a survival action, brought by the estate of the deceased victim.").[2] Therefore, although from Plaintiff's affidavits it appears Renzo and Angelo Reali properly disposed of their father's assets under California law, they cannot substitute in this case personally as Antonio Reali's heirs. Instead, I recommend the Court find that a personal representative for Antonio Reali's estate is required to revive his claims against the County Defendants.

Furthermore, I recommend the Court find that Plaintiff's original and renewed motions to substitute were improperly filed on behalf of Antonio Reali. Rule 25 permits either a party or the decedent's successor or representative to file the motion to substitute. Fed. R. Civ. P. 25(a)(1). "Successor or representative" includes the estate of the decedent but does not include the decedent himself. *Al-Jundi v. Rockefeller*, 88 F.R.D. 244, 246 (W.D.N.Y. 1980). Counsel acting on behalf of the decedent personally cannot file an effective motion to substitute because the death severed the attorney-client relationship and counsel is not a party to the case. *Hilsabeck v. Lane Co., Inc.*,

---

[2] The Tenth Circuit in *Dohaish* indicated that a § 1983 claim "can descend to a relative under appropriate circumstances." *Dohaish*, 670 F.3d at 936. It is not clear from the decision what constitutes "appropriate circumstances," though several cases which followed *Dohaish* discussed the ability of a relative to bring a § 1983 claim when the impermissible conduct deliberately interfered with a protected relationship between the relative and victim. *E.g.*, *Griffin v. Strong*, 983 F.2d 1544, 1548 (10th Cir. 1993). Regardless, Plaintiff does not address the inheritability of § 1983 claims in the motion to substitute.

168 F.R.D. 313, 314 (D. Kan. 1996); *Hafen v. Wade*, No. 19-cv-00916, 2022 WL 17061294, at *3 n.16 (D. Utah Nov. 17, 2022); *Jacobsen v. Roper*, No. 19-cv-00043, 2021 WL 5495653, at *2 (D. Utah Nov. 23, 2021).

Plaintiff's counsel represents both Antonio Reali and his successors under New Mexico law. However, Plaintiff's counsel filed both the original and renewed motion to substitute on behalf of Antonio Reali. Antonio Reali has no probate estate, and thus the motion to substitute is improperly filed on behalf of a deceased party. Therefore, I recommend the Court find that it cannot grant the renewed motion to substitute.

**D.    I Recommend that The Court Should Dismiss the Motion to Substitute Without Prejudice and Allow Renzo Reali to Properly Refile the Motion as the Personal Representative of Antonio Reali's Estate.**

While I recommend the Court must dismiss the motion to substitute, I recommend the Court dismiss the motion without prejudice and permit Antonio Reali's successors to intervene and refile the motion for the Court's grant. The County Defendants argue that any substitution and revivor of Antonio Reali's claims against them is now time-barred under Fed. R. Civ. P. 25 and NMSA 1978, § 37-2-14. [Doc. 120, at 12–15]. I recommend the Court find these arguments unpersuasive.

First, I recommend the Court find that the ninety-day deadline to substitute under Fed. R. Civ. P. 25 either was not triggered or should be extended for good cause. Because Plaintiff's counsel filed the suggestion of death on behalf of Antonio Reali rather than Renzo Reali, the suggestion was ineffective. *Hilsabeck*, 168 F.R.D. at 314. Therefore, the ninety-day deadline never began to run. *Id.* (citing *Grandbouche v. Lovell*, 913 F.2d 835, 836–37 (10th Cir. 1990)). Even if it had, or substitution would now be otherwise untimely under Rule 25, good cause exists to extend the time for Renzo Reali to file for substitution. *Jacobsen*, 2021 WL 5495653, at *2 (extending

11

deadline under Rule 6 sua sponte).[3] Plaintiff's counsel timely filed the suggestion of death, but delays in resolving the original motion were caused by the bankruptcy stay and the Court's consideration of the County Defendants' motions for summary judgment. *See* [Docs. 103, 109, 114] (text only). Plaintiff subsequently filed the renewed motion to re-raise the issue. [Doc. 118]. The County Defendants argue the bankruptcy stay did not impede Renzo Reali's ability to substitute in this case, and no impediment existed to additional requests for substitution before the ninety days expired. [Doc. 120, at 3–4]. Regardless of whether the bankruptcy stay actually applied to the motion to substitute, its result was that the Court never took up the original motion to substitute. And as Plaintiff pointed out, the original motion received no objection from the County Defendants despite—according to their own argument with respect to the bankruptcy stay—their ability to object within fourteen days of the original motion. Therefore, I recommend the Court find that substitution is not time-barred under Rule 25 and Rule 6.

Second, the County Defendants argue that New Mexico law bars the revivor of Antonio Reali's claims without their consent since over a year has passed since his death. [Doc. 120, at 10, 14] (citing NMSA 1978, § 37-2-14). However, I recommend this argument is unpersuasive. NMSA 1978, § 37-2-14 states that "[a]n order to revive an action in the names of the representatives or successor of a plaintiff . . . shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made." It appears that no New Mexico court has directly addressed when the one-year deadline triggers or whether the deadline may be tolled. However, similar statutes in other states recognize that deadlines for orders of revivor apply to the filing of the motion for an order, not the order itself. 1 C.J.S. Abatement and Revival § 197 (collecting cases). If a motion is timely filed, the deadline tolls while judicial

---

[3] I refer to Rule 6's standard for extending unexpired deadlines because Plaintiff originally filed within the deadline to substitute. *See* [Doc. 101].

consideration of the motion pends. *Id.* Consideration for timely pursuit of the motion, followed by tolling of the limitations period as that motion is considered, is consistent with New Mexico case law on statute of limitations and equitable tolling. *See Snow v. Warren Power & Mach., Inc.*, 2015-NMSC-026, ¶¶ 26–28, 354 P.3d 1285, 1291. Otherwise, a party's diligence would have no impact on their compliance with NMSA 1978 § 37-2-14; even the timeliest motion for substitution and revivor could fall prey to the demands of a court's docket. *See id.*

Therefore, I recommend that the Court toll the period of time during which Plaintiff's motions for substitution were pending and allow Renzo Reali to re-file a motion to substitute and revive Antonio Reali's claims against the County Defendants once he is appointed as personal representative of Antonio Reali's estate.

## IV.  CONCLUSION

For the reasons above, I recommend the Court dismiss the renewed motion to substitute without prejudice and allow Renzo Reali to refile the motion if and when he receives appointment as personal representative for Antonio Reali's estate.

HON. JERRY H. RITTER
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**